UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------   x

NISHA KUTTY,                                                  :
                                                             :
                              Plaintiff,                     :
                                                             :
            v.                                               :            24-CV-987 (SFR)
                                                             :
CATHRYN-JEAN FLEMING,                                        :
                                                             :
                              Defendant.                     :
---------------------------------------------------------------   x

## MEMORANDUM & ORDER

Plaintiff Nisha Kutty, a self-represented litigant, sues Defendant Cathryn-Jean Fleming, the court-appointed Administrator of Nisha Kutty's father's estate. The Amended Complaint contends that Defendant breached her fiduciary duties in administering the estate. Defendant argues that the Amended Complaint should be dismissed under the doctrine of issue preclusion (collateral estoppel) because all of the claims asserted in the present case were actually litigated and necessarily decided in Connecticut Probate Court. For the reasons stated below, I grant Defendant's Motion to Dismiss and dismiss the Amended Complaint with prejudice and without leave to amend.

## I.     BACKGROUND

### A.     Factual Background

The following facts are either taken from the Amended Complaint or are matters of which I may take judicial notice on a motion to dismiss.[1]

---

[1] Courts may look beyond the pleadings to consider a fact that is subject to judicial notice or is contained within a document that is integral to the complaint. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998). "A court may take judicial notice of a document filed in

K. Narayan Kutty died intestate on July 4, 2020. Am. Compl. 2, ECF No. 19. His only heirs were his two daughters, Kalpana Kutty and Nisha Kutty. ECF No. 25-3, at 1. At a hearing in the Tolland – Mansfield Probate Court, Plaintiff objected to Kalpana Kutty's proposed administrator, who was an associate at the same law firm representing Kalpana Kutty in the estate matters. *Id.* The Probate Court (the Honorable Barbara Gardner-Riordan) agreed "that the appointment of a neutral third party professional administrator who has no affiliation with either sister is appropriate under the circumstances." *Id.* The Probate Court appointed Defendant Cathryn-Jean Fleming as administrator. *Id.*

The administration was heavily litigated in Probate Court over the following two years. On February 18, 2021, the Probate Court conducted a hearing after Plaintiff petitioned to remove Defendant as administrator and accused Defendant of failing to transfer all of the proceeds from a CHET (Connecticut Higher Education Trust) account that Narayan Kutty had established for the benefit of Plaintiff's daughter. ECF No. 25-9, at 1. During the hearing, Plaintiff withdrew her petition to remove Defendant as administrator. *Id.* The parties agreed that the proceeds of the CHET account would be transferred to Plaintiff's daughter "after taxes and penalties are deducted." *Id.* Finally, the parties agreed that "the house and its contents (real property) will be transferred to Kalpana Kutty with appropriate adjustment at time of final distribution (1/2 of value of real property on inventory) to Nisha Kutty." *Id.*

A second hearing was held on August 4, 2021 after Plaintiff renewed her petition to remove Defendant as administrator. ECF No. 25-13, at 1-2. At the hearing, Plaintiff challenged

---

another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d. Cir. 2006) (citation and internal quotation marks omitted).

Defendant's decision to sell Narayan Kutty's car for below market value and complained about the delay in transferring the proceeds of the CHET account to her daughter. *Id.* at 1. The Probate Court found that Defendant was not at fault for any delay in transferring the CHET proceeds or for the penalties and other deductions from the value of the account. *Id.* And the Probate Court declined to remove Defendant, stating that "[t]here is no support in the record for petitioner's fantastical claims of collusion, racism, or withholding information." *Id.*

The Probate Court held a third hearing on September 30, 2021 to review Defendant's proposal to sell Narayan Kutty's home to Kalpana Kutty. ECF No. 25-15, at 1-2. The Probate Court noted that Plaintiff did not object to the sale but challenged the price and other terms of sale proposed by Defendant. *Id.* After hearing testimony from Defendant, the Probate Court found that the proposed terms of sale were in the best interest of the estate. *Id.*

On June 24, 2022, the Probate Court conducted a final hearing to approve the Financial Report of Narayan Kutty's estate. ECF No. 25-18, at 1-2. Plaintiff did not object. *See* ECF No. 25-43, at 1.

Plaintiff appealed the Probate Court's decree approving the Financial Report to Superior Court. ECF No. 25-19, at 1. Plaintiff's probate appeal led to extensive motions practice in Superior Court. The Superior Court issued a written decision on October 12, 2023, which rejected Plaintiff's motion for a temporary injunction. ECF No. 25-32, at 1.[2] The Superior Court reasoned that Plaintiff was not entitled to preliminary relief because she had not made the threshold showing of irreparable harm, *id.* at 6-8, and was unlikely to prevail on

---

[2] The Memorandum of Decision issued by the Superior Court is included within Fleming's exhibits. The unpublished decision is also accessible online. *See Kutty v. Fleming*, No. TTD CV22-6025261-S, 2023 WL 6841530 (Conn. Super. Ct. Oct. 12, 2023).

the merits of her appeal, *id.* at 8-10. On October 27, 2023, Plaintiff withdrew her probate appeal. ECF No. 25-34, at 1-2. On October 31, 2023, Plaintiff moved to reopen the probate appeal in Superior Court. ECF No. 25-36, at 1. The Superior Court denied this motion without prejudice, stating that "[i]f and when the plaintiff retains counsel, the motion may be re-submitted for consideration." ECF No. 25-38, at 1. Plaintiff (still *pro se*) renewed her request to reopen the probate appeal on February 12, 2024. ECF No. 25-39, at 1. The Superior Court denied this motion on February 26, 2024. ECF No. 25-40, at 1.

On October 31, 2023, Defendant moved in Probate Court for leave to pay her attorney's fees incurred in defending the probate appeal. ECF No. 25-41, at 1; ECF No. 25-42, at 1. The Probate Court conducted a hearing on Defendant's application for attorney's fees on March 5, 2024. ECF No. 25-43, at 1. The Probate Court noted that Plaintiff objected to the fee request. *Id.* The Probate Court concluded that the fees incurred were "patently reasonable in terms of time spent and hourly rate." ECF No. 25-43, at 1. The Probate Court reasoned that "because the appeal was filed by Nisha Kutty, any cost borne by the Estate should be charged to the beneficiary who caused the expenses and fees to be incurred, [and] that is Nisha Kutty." *Id.* The Probate Court concluded that, pursuant to its equitable powers and "jurisdiction over the final accounts of administrators of estates," the "charges incurred in the appeal should be borne by Nisha Kutty and not the Estate as a whole." *Id.* at 2.

The Probate Court ordered Defendant to file an Affidavit of Closing. *Id.* Defendant filed the Affidavit of Closing on May 10, 2024. ECF No. 25-44, at 2. The Probate Court accepted the Affidavit on June 25, 2024 and ordered that the Affidavit of Closing be recorded. *Id.*

## B.    Procedural History

Plaintiff commenced this action on June 3, 2024. ECF No. 1. After the Court[3] denied Plaintiff's motion to proceed *in forma pauperis*, ECF No. 10, Plaintiff paid the Court's filing fee and thereafter filed the operative complaint, Am. Compl., ECF No. 19.

The Amended Complaint contains five causes of action. Count 1 asserts that Defendant failed to transfer the whole balance of the CHET (Connecticut Higher Education Trust) account established by Narayan Kutty for the benefit of Plaintiff's daughter. Am. Compl. 3-4. Count 2 asserts that Defendant breached her fiduciary duty by approving the sale of Narayan Kutty's home to Kalpana Kutty. *Id.* at 4-5. Count 3 asserts Defendant made improper withdrawals from accounts belonging to Narayan Kutty's estate. *Id.* at 6-7. Count 4 claims that Defendant sold Narayan Kutty's car for below market value. *Id.* at 7-8. And Count 5 challenges the Probate Court's award of attorney's fees incurred by Defendant in defending Plaintiff's probate appeal in Superior Court. *Id.* at 8-10.

Defendant filed a Motion to Dismiss and accompanying memorandum of law on August 7, 2024. Def.'s Mot. to Dismiss, ECF No. 25; Def.'s Mem. of L. in Supp. of Mot. to Dismiss ("Def.'s Mem."), ECF No. 25-1. Plaintiff responded on August 19, 2024. Pl.'s Opp. to Def.'s Mot. to Dismiss ("Pl.'s Mem."), ECF No. 27. Defendant replied in support of her Motion on September 16, 2024. Def.'s Reply Mem. to Pl.'s Opp. to Mot. to Dismiss ("Def.'s Reply"), ECF No. 31. I issued an order staying discovery pending my decision on the Motion to Dismiss on April 7, 2025. ECF No. 33.

---

[3] The Honorable Omar A. Williams, United States District Judge, presided over this action until it was transferred to me on January 6, 2025.

## II.    <u>LEGAL STANDARD</u>

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. I must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, I am not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

Throughout, I am mindful of my obligation to give "special solicitude" to litigants who proceed without the assistance of an attorney. *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023). I must construe *pro se* pleadings liberally "to raise the strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006), and afford lenience in applying procedural rules, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

## III.    <u>DISCUSSION</u>

Defendant contends that the Amended Complaint contains several fundamental flaws, any one of which would dispose of this action. She submits that I lack subject-matter jurisdiction to decide this case under the *Rooker-Feldman* doctrine. In addition, she asserts that the Amended Complaint fails to state a claim under the related doctrines of issue preclusion

and claim preclusion insofar as all of the claims asserted here were resolved against Kutty in proceedings in Connecticut Probate Court and Superior Court.[4]

### A.    Rooker-Feldman

I have an "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (emphasizing that "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction"). "Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). That is because, "within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). *See also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

Under the *Rooker-Feldman* doctrine, a federal district court lacks subject-matter jurisdiction where four requirements are met: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the

---

[4] Defendant also asserted in her briefing that dismissal was warranted because this case implicates the probate exception to diversity subject-matter jurisdiction. Def.'s Mem. 27-30; Def.'s Reply 4-5. Defendant subsequently withdrew this argument because the only property that remained subject to the control of the Probate Court—a bond for $500,000 that Defendant was required to post to reimburse the estate for any financial losses resulting from breach of fiduciary duties—was released by the Probate Court. Def.'s Not. of Add'l Auth., ECF No. 34. I therefore decline to address this alternative ground for dismissal.

state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85 (internal quotation marks and alterations omitted).

Defendant submits that *Rooker-Feldman* bars Plaintiff's claims because Plaintiff essentially seeks reversal of a state-court judgment. Def.'s Mem. 30-31. I disagree. "*Rooker-Feldman* applies only when 'the plaintiff complains of injuries caused by a state court judgment.'" *Hunter v. McMahon*, 75 F.4th 62 (2d Cir. 2023) (quoting *Vossbrinck*, 773 F.3d at 426). In contrast, *Rooker-Feldman* does not "bar claims based on an opponent's misconduct that precedes the state court proceeding, if the plaintiffs' alleged injuries were merely ratified by the state-court judgments rather than caused by them." *Hunter*, 75 F.4th at 71 (citation and internal quotation marks omitted). Under this rubric, it is clear that *Rooker-Feldman* does not apply here. Plaintiff seeks to recover for Defendant's purported misconduct; although this conduct was reviewed by and ratified by Connecticut Probate Court, it was not caused by the Probate Court's judgment. I therefore conclude I have subject-matter jurisdiction over this case.

## B.    Preclusion

Defendant submits that the doctrines of issue preclusion (collateral estoppel) and claim preclusion (res judicata) bar Plaintiff from bringing this suit to challenge the final accounting of her father's estate because all of the claims brought here were resolved by decrees issued by the Probate Court. Def.'s Mem. 18-27. For the reasons stated below, I find that the doctrine of issue preclusion bars Plaintiff's claims.

"The fundamental notion of the doctrine of collateral estoppel, or issue preclusion, is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their

privies." *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) (citation and internal quotation marks omitted); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.") (citation and internal quotation marks omitted).

Issue preclusion is an affirmative defense that must ordinarily be pleaded and proven by the party asserting it. *See Taylor*, 553 U.S. at 907-08; Fed. R. Civ. P. 8(c)(1) (including "estoppel" among affirmative defenses); Wright & Miller, Fed. Prac. & Proc. § 4405 (3d ed.). Nonetheless, a preclusion defense can be raised on a motion to dismiss so long as it relies on court filings and other matters of public record of which a court may take judicial notice. *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (stating that a "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings"); *accord Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) (affirming dismissal on claim preclusion grounds where district court "took judicial notice of documents indicating the claims [the plaintiff] brought [in the prior action], the remedies she sought, and the judgment she was awarded"); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) (affirming dismissal on claim preclusion grounds where "the court's inquiry [was] limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice"); *Gladstein v. Goldfield*, No. 3:18-CV-00926 (VAB), 2021 WL 2037799, at *5-6 (D. Conn. May 21, 2021) (taking judicial notice of factual findings in Connecticut Probate Court in determining that issue preclusion required dismissal of plaintiff's claims).

Connecticut law determines the preclusive effect of the decrees issued by the Probate Court. *See Migra v. Warren Cty. Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). "Probate court decrees are final judgments for purposes of collateral estoppel and res judicata." *Solon v. Slater*, 345 Conn. 794, 809 (2023); Conn. Gen. Stat. § 45a-24.[5] This remains the case even where a litigant challenges a Probate Court order by appealing to Superior Court. *See Barash v. Lembo*, 348 Conn. 264, 278 (2023) ("Prior decisions of both this court and the Appellate Court consistently have held that a pending appeal does not deprive a Probate Court order, judgment, or decree of finality for purposes of res judicata and collateral estoppel."). Thus, even though Plaintiff challenged several Probate Court decrees before the Superior Court (before ultimately withdrawing her appeal), the decrees of the Probate Court are final for purposes of this analysis.

"To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be *identical* to those considered in the prior proceeding." *Corcoran v. Dep't of Soc. Servs.*, 271 Conn. 679, 689 (2004) (emphasis in original). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action." *Solon v. Slater*, 345 Conn. 794, 810-11 (2023) (citation and internal quotation marks omitted). "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." *MacDermid, Inc. v. Leonetti*, 328 Conn. 726, 739

---

[5] "All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." Conn. Gen. Stat. § 45a-24.

(2018). "It also must have been actually decided and the decision must have been necessary to the judgment." *Lyon v. Jones*, 291 Conn. 384, 406 (2009) (citation and internal quotation marks omitted). "An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." *Id.*

All five counts asserted in this action are identical to the complaints that Plaintiff brought before the Probate Court, where Plaintiff plainly had a fair opportunity to litigate these matters; furthermore, all issues of fact asserted here were actually litigated and necessary to the final decrees issued by the Probate Court. I address each count separately.

Count 1 challenges Defendant's management of the CHET account proceeds. Am. Compl. 3-4. The Probate Court conducted a hearing during which it scrutinized this issue. The Probate Court resolved on the merits that Defendant was not at fault for any delay in transferring the CHET proceeds or for the penalties and other deductions from the value of the account. ECF No. 25-13, at 1-2.

Count 2 concerns the sale of Narayan Kutty's home to Kalpana Kutty. Am. Compl. 4-5. The Probate Court conducted a hearing to review the terms of this proposed sale on September 30, 2021. ECF No. 25-15, at 1-2. The Probate Court concluded that the terms proposed by Defendant (namely, a cash sale to Kalpana Kutty) were in the best interest of the estate. *Id.*

Count 3 concerns the purportedly improper expenses incurred by Defendant in administering the estate. Am. Compl. 6-7. Defendant presented these expenses to the Probate Court in the proposed Financial Report. ECF No. 25-16, at 2. And after conducting a hearing, the Probate Court approved the Financial Report setting forth the administration fees. ECF No. 25-18, at 1-2. Defendant submitted an updated accounting of estate expenses when she

submitted the Affidavit of Closing on May 10, 2024. ECF No. 25-44, at 2. The Probate Court accepted this final accounting on June 25, 2024. *Id.* Thus, in approving the Financial Report and Affidavit of Closing, the Probate Court actually and necessarily decided that the expenses challenged here by Plaintiff were lawfully incurred.

Count 4 challenges the sale of Narayan Kutty's car. Am. Compl. 7-8. The Probate Court scrutinized the terms of sale at a hearing in August 2025. ECF No. 25-13, at 1-2.[6] The Probate Court concluded after this hearing that "the selling of the car, and any failure to notify the beneficiary prior to doing so, does not rise to the level of grounds for removal of a fiduciary." *Id.* at 1.

Finally, Count 5 contends that Defendant erred in deducting from Plaintiff's distribution the costs of defending Plaintiff's probate appeal in Superior Court. Am. Compl. 8-10. The Probate Court reviewed this issue on the merits at a hearing on March 5, 2024. ECF No. 25-43, at 1. The Probate Court found that the fees were "patently reasonable in terms of time spent and hourly rate." *Id.* at 1. The Probate Court next concluded that "the charges incurred in the appeal should be borne by Nisha Kutty and not the Estate as a whole." *Id.* at 2.

All five counts asserted in the Amended Complaint are identical to the issues of fact that were actually litigated on the merits and necessarily decided in the course of issuing valid decrees of the Probate Court. I therefore find that the doctrine of issue preclusion prevents

---

[6] Defendant's briefing describes this hearing as occurring on August 3, 2021. Def.'s Mem. 24. The Probate Court's decree issued after the hearing concluded is dated August 5, 2021.

Plaintiff from seeking to relitigate issues in this Court that were already decided on the merits in Probate Court.[7]

### C.    Leave to Amend

With respect to *pro se litigants*, the Second Circuit has instructed that a court should not dismiss without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation and internal quotation marks omitted); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (holding that *pro se* complaint should be dismissed without leave to amend only if "the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim") (citation and internal quotation marks omitted).

Even liberally construed, I find that none of the causes of action within the Amended Complaint suggests a possibility of stating a claim. I also consider whether the arguments raised in response to Defendant's motion to dismiss suggest a plausible basis for recovery. Plaintiff's response brief to Defendant's Motion to Dismiss asserts that Defendant is liable also for violating the Racketeering Influenced Corrupt Organizations Act ("RICO"). Pl.'s Mem.

---

[7] I also find that the doctrine of claim preclusion (res judicata) bars Plaintiff from bringing these claims because (1) the Probate Court is a court of competent jurisdiction that rendered a final judgment on the merits upon the closing of the estate, *see* ECF No. 25-44, at 2 (Affidavit of Closing as accepted by the Probate Court); (2) the parties to this action are identical to the parties to the Probate Court litigation; (3) the Probate Court afforded adequate opportunity to litigate each of the claims asserted here; and (4) the same underlying claim of breach of fiduciary duty that was litigated extensively in Probate Court is asserted here. *See Wheeler v. Beachcroft, LLC*, 320 Conn. 146, 156-57 (2016) ("Generally, for res judicata to apply, four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same underlying claim must be at issue.").

12-15. Plaintiff has not separately moved for leave to file a Second Amended Complaint, but consistent with my duty to afford procedural lenience to *pro se* litigants, I construe this argument as a motion for leave to amend the complaint to bring a civil RICO claim. As I explain below, permitting Plaintiff to amend to assert a civil RICO claim would be futile because the RICO claim fails as a matter of law.

Plaintiff's motion to amend is governed by Fed. R. Civ. P. 15(a)(2) because the scheduling order governing this action did not set forth a deadline "after which no amendment will be permitted." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022). Rule 15 counsels that leave to amend should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend the pleadings under Rule 15(a)(2) may be denied only upon a showing of "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Laydon v. Cooperatieve Rabobank U.A.*, 55 F.4th 86, 100 (2d Cir. 2022). At issue here is whether Plaintiff has plausibly pleaded a § 1962 violation. To establish a § 1962 violation, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018). To demonstrate a pattern of racketeering activity, a plaintiff must allege that a defendant has committed two or more predicate acts, as defined in 18 U.S.C. § 1961(1). *Reich v. Lopez*, 858 F.3d 55, 59 (2d Cir. 2017). "Racketeering activity" as described in 18 U.S.C. § 1961(1)

encompasses "any act 'chargeable' under several generically described state criminal laws,[8] any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 481-82 (1985).

Plaintiff's RICO allegations center on what she describes as a scheme in which Defendant breaches her fiduciary duties by favoring one beneficiary over another. Pl.'s Mem. 12-13.[9] She notes that at least one other beneficiary has sued Defendant for breach of fiduciary duty in administering another estate. *Id.* But even liberally construed, this fails to state a RICO claim because breach of fiduciary duty does not appear within the enumerated criminal activities that constitute a RICO predicate act. *See* 18 U.S.C. § 1961(1). "Unenumerated acts such as common law fraud, negligent misrepresentation, breach of fiduciary duty, negligence, and conversion, are not 'racketeering activities.'" *Jordan (Bermuda) Inv. Co. v. Hunter Green*

---

[8] A state law offense meeting the definition of a RICO predicate is "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A).

[9] Plaintiff asserts that Defendant's "modus operandi seems to be to collude with the estranged sibling and then proceed to loot the Estate under various pretexts and commit fraud." Pl.'s Mem. 12. Plaintiff separately accuses Defendant of engaging in "fraud/embezzlement" while administering the estate. *Id.* at 15. These unsupported and wholly conclusory allegations do not plausibly state a RICO claim. Notably, even were these claims supported by specific factual allegations, common law fraud and conversion are not enumerated among the state law crimes that constitute a "racketeering activity." *See* 18 U.S.C. § 1961(1); *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008) ("Ordinary theft offenses and conspiracies to commit them are not among the predicate activities defined in 18 U.S.C. § 1961(1)."); *accord ATAX New York, Inc. v. Canela #1*, No. 21 CIV. 5916 (JPC), 2022 WL 3018151, at *7 (S.D.N.Y. July 29, 2022).

*Invs. Ltd.*, 154 F. Supp. 2d 682, 690 (S.D.N.Y. 2001); *see also Manion v. Freund*, 967 F.2d 1183, 1186 (8th Cir. 1992) ("[B]reach of fiduciary duty is not one of the specified state crimes listed in the definition of 'racketeering activity,' 18 U.S.C. § 1961(1), and thus could not have supported a civil RICO claim.").

As Plaintiff argues only that Defendant breached her fiduciary duties in support of a RICO claim, Plaintiff's proposed RICO claim fails as a matter of law. I therefore conclude that permitting Plaintiff to amend to assert a RICO cause of action would be futile. Because I find that Plaintiff's RICO claims and all other claims within the Amended Complaint contain substantive defects that would not be remedied by further amendments, I dismiss the Amended Complaint with prejudice and without leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV.    CONCLUSION

For the foregoing reasons, Defendant Cathryn Fleming's Motion to Dismiss is granted. Plaintiff's Amended Complaint is dismissed with prejudice and without leave to amend. The Clerk is respectfully directed to close the case.

**SO ORDERED.**

New Haven, Connecticut
September 30, 2025

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge

16